UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT HARRISON**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO. 06-2825**

**RICHARD L. STALDER, ET AL.**                                         **SECTION "S" (3)**

## REPORT AND RECOMMENDATION

Plaintiff, Robert Harrison, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Richard L. Stalder, Cornel H. Hubert, James D. Miller, Kathy McGinnis, and Dr. Jerry Thomas. In this lawsuit, plaintiff claims that the defendants have failed to provide him with adequate medical care for his back condition.[1]

Stalder, Hubert, McGinnis, and Thomas have filed a "Motion to Dismiss or, in the alternative, Motion for Summary Judgment or, in the alternative, Motion for More Definite Statement."[2] Plaintiff has opposed that motion.[3]

---

[1] This is the second lawsuit plaintiff has filed asserting this claim. His first lawsuit, Harrison v. Miller, Civil Action No. 03-3194 "S"(2), was dismissed with prejudice on April 20, 2004. However, in her order of dismissal, the United States District Judge expressly provided: "IT IS FURTHER ORDERED that the dismissal does not preclude action by Harrison in the future if he does not receive constitutionally adequate medical care for his back condition."

[2] Rec. Doc. 14. Miller has not been served and, thus, did not join in the motion.

[3] Rec. Docs. 16 and 17.

Fed.R.Civ.P. 12(b)(1)

The movants argue that the claims against them should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). The Court agrees with that contention with respect to the official-capacity claims asserted against them.

The movants are all state officials or employees. A suit against such a person in his or her official capacity is actually a suit against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Because the Eleventh Amendment deprives this Court of jurisdiction over the official-capacity claims, those claims should be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(1). See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

As to the claims asserted against the movants in their individual capacities, the Court finds that dismissal pursuant to Rule 12(b)(1) is not appropriate because the movants are in fact

challenging the existence of a federal cause of action rather than subject matter jurisdiction. See Daniel v. Ferguson, 839 F.2d 1124, 1127 (5th Cir. 1988).[4]

Fed.R.Civ.P. 12(b)(1)/Fed.R.Civ.P. 56

The movants have sought dismissal of the individual-capacity claims against them pursuant to Fed.R.Civ.P. 12(b)(6) and, alternatively, Fed.R.Civ.P. 56. Because they have submitted evidentiary materials in support of their motion which the Court will consider, the Court finds that the motion must be considered under Rule 56. See Fed.R.Civ.P. 12(b).

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment under Rule 56, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also

---

[4] Moreover, to the extent that the movants are arguing that the Court lacks subject matter jurisdiction over plaintiff's claims due to his failure to exhaust administrative remedies, they are clearly wrong. The exhaustion requirement is not jurisdictional. Johnson v. Johnson, 385 F.3d 503, 522 n. 14 (5th Cir. 2004).

Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

The movants argue that they are entitled to summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation

Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*.[5]

---

[5] Rec. Docs. 2 and 3.

As a preliminary matter, the Court notes that the movants complain that plaintiff failed to attach copies of his grievances to his complaint. However, his failure to do so is not a basis for dismissing his claims. The United States Fifth Circuit Court of Appeals has made clear that "[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." Underwood, 151 F.3d at 296. Plaintiff clearly alleges in his complaint that he presented his claims in an administrative grievance and completed all steps in the grievance procedure.[6] Therefore, the fact that he failed to attach copies of the grievance or grievances is of no consequence.

The movants next argue that, in determining whether plaintiff has in fact exhausted his claims, the Court may not consider those grievances which were exhausted more than one year before plaintiff filed this lawsuit. However, movants are confusing exhaustion with prescription.

The Court agrees that a one-year prescriptive period applies to plaintiff's § 1983 claims. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. However, the movants cite no authority which directly supports their contention that, when considering the issue of exhaustion, the Court may only consider grievances exhausted during the applicable prescriptive period. Moreover, the Court notes that plaintiff's claims are not prescribed. Based on a fair reading of plaintiff's complaint, the Court finds that plaintiff is not complaining about discrete incidents; rather, he is complaining about an unabated continuum of inadequate care. The statute of limitations for claims regarding a continuing wrong does not commence until the cause of the damages is abated. See Neel v. Rehberg, 577 F.2d

---

[6] Rec. Doc. 1, p. 3.

262, 263-64 (5th Cir. 1978); Brown v. Foti, Civil Action No. 92-2728, 1993 WL 149858, at *3 n.27 (E.D. La. April 30, 1993).

Nevertheless, the record reflects that, for the following reasons, plaintiff's claims cannot be considered exhausted.

The movants have submitted an affidavit from Kimberly Lemaire, a paralegal with the Louisiana Department of Public Safety and Corrections, who states that she has reviewed plaintiff's grievance records and found that he has submitted only seven administrative grievances during his incarceration: WCI-2002-215, WCI-2003-170, WCI-2003-509, WCI-2004-510, WCI-2005-502, WCI-2005-685, and EHCC-2006-732.[7] Plaintiff does not dispute that fact. Additionally, the movants have submitted the records pertaining to each of those grievances. For the following reasons, the Court finds that those grievance records show that plaintiff failed to exhaust his administrative remedies with respect to his claims before filing this lawsuit.

The Court finds that exhaustion cannot be based on WCI-2002-215 and WCI-2003-170. While those grievances do in fact complain about plaintiff's medical care, those grievances were exhausted before plaintiff filed his prior lawsuit challenging the adequacy of his medical care. WCI-2005-215 was exhausted on April 29, 2002,[8] and WCI-2003-170 was exhausted on June 10, 2003.[9] Plaintiff's prior lawsuit challenging his medical care, Harrison v. Miller, Civil Action No. 03-3194

---

[7]   Rec. Doc. 14, Exhibit A.

[8]   Rec. Doc. 14, Exhibit D.

[9]   Rec. Doc. 14, Exhibit E.

"S"(2),[10] was filed no earlier than November 8, 2003, the date he signed the complaint.[11]  In that lawsuit, plaintiff's claims challenging his medical care were found to have no merit and were dismissed with prejudice.  Accordingly, he has already had his day in court with the respect to the matters raised in those grievances, and so he should not be allowed to again use those same unfounded grievances to bring the instant lawsuit.

WCI-2003-509 also suffers from that same defect.  It was exhausted on October 21, 2003,[12] before plaintiff's prior lawsuit was filed.  Additionally, that grievance does not even strictly concern the adequacy of plaintiff's medical care; rather, it concerned plaintiff's request that he not be required to go to the gymnasium.  Therefore, it clearly is irrelevant to the issue of exhaustion of the present claims.

Although WCI-2004-510, WCI-2005-502, and WCI-2005-685 were exhausted after plaintiff's prior lawsuit was filed, they did not concern the adequacy of plaintiff's medical care. WCI-2004-510 concerned the absence of a fan for air circulation,[13] WCI-2005-502 concerned the fact that plaintiff fell after his wheelchair was moved by a guard,[14] and WCI-2005-685 concerned

---

[10]   "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[11]   A *pro se* complaint is considered to have been "filed" when the inmate presented it to prison officials for mailing.  See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995).  The earliest date the complaint could have been given to prison officials is the date it was signed.

[12]   Rec. Doc. 14, Exhibit F.

[13]   Rec. Doc. 14, Exhibit G.

[14]   Rec. Doc. 14, Exhibit H.

8

the quality of the available drinking water.[15] Accordingly, those grievances are likewise irrelevant to the exhaustion issue with respect to plaintiff's instant claims.

Lastly, EHCC-2006-732 has no relevance because it was still pending before prison authorities when plaintiff filed this lawsuit on May 22, 2006.[16] The fact that the grievance was later rejected on June 5, 2006,[17] is of no moment. The PLRA "plainly requires that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). In Wendell, the Fifth Circuit noted:

> Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.

Id. at 890-91 (emphasis in original) (citations omitted).

In light of the foregoing, the Court finds that the individual-capacity claims against the movants should be dismissed on the ground that plaintiff failed to exhaust his administrative remedies before filing this lawsuit.[18]

---

[15] Rec. Doc. 14, Exhibit I.

[16] Plaintiff signed his complaint on May 22, 2006. See *supra* note 11. Moreover, it was actually received and filed in this Court on May 30, 2006.

[17] Rec. Doc. 14, Exhibit C.

[18] Because the Court has determined that the claims should be dismissed based on exhaustion grounds, it is unnecessary to consider movants' arguments as to alternative bases for dismissal.

9

James D. Miller

As previously noted, James D. Miller has not been served[19] and, thus, did not join in the motion. However, for the same reasons as set forth above, the claims against Miller are likewise frivolous and fail to state a claim on which relief may be granted. Therefore, the Court should dismiss those claims *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[20]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion for dismissal or, alternatively, for summary judgment filed by Richard L. Stalder, Cornel H. Hubert, Kathy McGinnis, and Dr. Jerry

---

[19] Rec. Doc. 7.

[20] With respect to actions filed *in forma pauperis*, such as the instant lawsuit, § 1915(e)(2)(B) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Section 1915A, which mandates that federal courts screen all civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thomas be **GRANTED**. **IT IS RECOMMENDED** that the official-capacity claims against those defendants be **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity. **IT IS RECOMMENDED** that the individual-capacity claims against those defendants be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that the claims against James D. Miller be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). **IT IS RECOMMENDED** that the official-capacity claim against that defendant be **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity. **IT IS RECOMMENDED** that the individual-capacity claim against that defendant be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of September, 2006.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**